# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **ORTHOSIE SYSTEMS, LLC,** | |
| Plaintiff, | |
| v. | **CIVIL ACTION NO.: 2:15-cv-1681** |
| 1) **FLEETMATICS USA, LLC;** | |
| 2) **FLEETMATICS USA HOLDINGS, INC.;** and | **JURY TRIAL DEMANDED** |
| 3) **FLEETMATICS USA GROUP HOLDINGS, INC.,** | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action for patent infringement in which Orthosie Systems, LLC ("OS" or "Plaintiff"), makes the following allegations against: Fleetmatics USA, LLC; Fleetmatics USA Holdings, Inc.; and Fleetmatics USA Group Holdings, Inc. (collectively, "Fleetmatics" or "Defendants").

## PARTIES

2. Plaintiff Orthosie Systems, LLC ("Plaintiff" or "OS") is a Texas limited liability company with a principal place of business at 1333 W. McDermott Drive, Suite 200, Allen, Texas 75013. Plaintiff's president is Daniel F. Perez.

3. On information and belief, all Fleetmatics entities are Delaware companies sharing the same principal place of business at 1100 Winter Street, Waltham, MA 02451. The Registered Agent for service of process for all three entities is CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have transacted business in this district, and has committed acts of patent infringement in this district.

6. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,430,471

7. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 7,430,471 ("the '471 Patent") entitled "Method and System for Monitoring a Vehicle" – including all rights to recover for past and future acts of infringement. The '471 Patent issued on September 30, 2008. A true and correct copy of the '471 Patent is attached as Exhibit A.

8. Upon information and belief, the Defendants directly or through intermediaries, including distributors, employees, divisions, branches, subsidiaries, parents, suppliers and/or customers, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to: Fleetmatic's Reveal, Work, and Enterprise Fleet products/systems) that, when used in their intended manner or as designed, infringe one or more claims of the '471 Patent.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendants have directly infringed the '471 Patent;

b. A permanent injunction enjoining Defendants and their officers, directors, agents,

servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '471 Patent;

      c.      A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '471 Patent as provided under 35 U.S.C. § 284;

      d.      An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendants' prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

      e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

      f.      Any and all other relief to which Plaintiff may show itself to be entitled.

Dated:  October 27, 2015                      Respectfully Submitted,

                                          **ORTHOSIE SYSTEMS, LLC**

                                  By:  /s/ Ronald W. Burns
                                        Ronald W. Burns
                                        Texas State Bar No. 24031903
                                        Ronald W. Burns, Esq.
                                        15139 Woodbluff Drive
                                        Frisco, Texas 75035
                                        Phone:  972-632-9009
                                        rburns@burnsiplaw.com

                                        **ATTORNEY FOR PLAINTIFF**
                                        **ORTHOSIE SYSTEMS, LLC**